UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DEBRA CLARK,**
**BROOKSEY IRVINE,**
**REGINALD MORRISSETTE,**
**MELBA PEARSON,** and
**EZELL WILLIAMS**
on behalf of themselves                                     Case No.
and all others similarly situated,
                                                            Hon.

                        Plaintiffs,

v.

**ROYAL TRANSPORTATION COMPANY,**
**DONALD FITZSIMMONS,**
**DEBRA FITZSIMMONS,** and
**SHANNON  FITZSIMMONS,**

                        Defendants.

---

**GOLD STAR LAW, P.C.**
**MAIA E. JOHNSON (P40533)**
**DAVID A. HARDESTY (P38609)**
Attorneys for Plaintiffs
2701 Troy Center Dr., Ste. 400
Troy, MI  48084
mjohnson@goldstarlaw.com
dhardesty@goldstarlaw.com

---

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

## COMPLAINT

Plaintiffs, Debra Clark, Brooksey Irvine, Reginald Morrissette, Melba

Pearson, and Ezell Williams, on behalf of themselves and all others similarly

situated, through their attorneys, Gold Star Law, P.C., for their Collective Action

Complaint state:

## PRELIMINARY STATEMENT

1.      Plaintiffs, Debra Clark, Brooksey Irvine, Reginald Morrissette, Melba

Pearson, and Ezell Williams, ("Plaintiffs"), and the employees they seek to

represent, are employees and former employees of Defendants Royal

Transportation Company, Donald Fitzsimmons, Debra Fitzsimmons, and Shannon

Fitzsimmons, ("Defendants"), who worked as Drivers for Defendants.  Defendants

required or permitted Plaintiffs to work in excess of 40 hours per week, but failed

to compensate Plaintiffs at a rate of one and one-half times their regular rate of pay

for all hours over 40 per week.

2.      Plaintiffs and the employees they seek to represent were all compensated on

an hourly basis, and were or are non-exempt employees under the Fair Labor

Standards Act of 1938 29 USC § 201, *et seq.* ("FLSA").

3.      Defendants' conduct violates the FLSA, which requires non-exempt

employees to be compensated for all hours worked and to be compensated for

overtime work at the FLSA mandated overtime wage rate.  29 U.S.C. 207(a).

4.      Defendants did not pay proper overtime to other similarly situated hourly

workers.   Plaintiffs bring a collective action to recover unpaid overtime

compensation owed to them and on behalf of all other similarly situated

employees, current and former, of Defendants.  Members of the collective action are hereinafter referred to as "Class Members."

## PARTIES, JURISDICTION AND VENUE

5.     Plaintiff Debra Clark ("Clark") is an individual residing in Detroit, Michigan.  Clark's written consent form to this action is attached hereto as Exhibit "A".  During the relevant period, Clark was employed by Defendants as a Driver.

6.     Plaintiff Brooksey Irvine ("Irvine") is an individual residing in Detroit, Michigan.  Irvine's written consent form to this action is attached hereto as Exhibit "B".  During the relevant period, Irvine was employed by Defendants as a Driver.

7.     Plaintiff Reginald Morrissette ("Morrissette") is an individual residing in Detroit, Michigan.  Morrissette's written consent form to this action is attached hereto as Exhibit "C".  During the relevant period, Morrissette was employed by Defendants as a Driver.

8.     Plaintiff Melba Pearson ("Pearson") is an individual residing in Detroit, Michigan.  Pearson's written consent form to this action is attached hereto as Exhibit "D".  During the relevant period, Pearson was employed by Defendants as a Driver.

9.     Plaintiff Ezell Williams ("Williams") is an individual residing in Detroit, Michigan.  Williams' written consent form to this action is attached hereto

as Exhibit "E."  During the relevant period, Williams was employed by Defendant as a Driver.

10.    Defendant Royal Transporation Company, ("Royal") is a Michigan corporation which is engaged in the transportation business.

11.    Defendant Donald Fitzsimmons is the Resident Agent of Royal and is the president, member, owner, and manager of Royal.

12.    Defendant Debra Fitzsimmons is Donald Fitzsimmons' wife and is actively involved in the management of Royal's business operations.

13.    Defendant Shannon Fitzsimmons is Donald Fitzsimmons' daughter and is actively involved in the management of Royal's business operations.

14.    Defendant corporation is an enterprise engaged in interstate commerce as defined by the FLSA and has revenues in excess of $500,000 per year.

15.    This action arises under 29 U.S.C. 207, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

16.    Defendants resides within this judicial district, and venue is proper in this Court pursuant to 28 U.S.C. 1391(b)

## COVERAGE

17.    At all material times, Defendants have been "employers" within the meaning of section 3(d) of the FLSA.  29 U.S.C. 203(d).

18.     At all material times, Plaintiffs and Class Members were "employees" within the meaning of section 3(e) of the FLSA. 29 U.S.C 203(e).

19.     Defendants controlled the hours to be worked by and the compensation of Plaintiffs and Class Members.

## FACTUAL ALLEGATIONS

20.     Royal is in the business of providing transportation services.

21.     Plaintiffs were employed as drivers during the three years preceding the date of filing of this Complaint (the "relevant employment period").

22.     Plaintiffs drove shuttle routes and other assigned routes within the southeastern Michigan area and did not drive out of state as a part of their employment with Defendants.

23.     Plaintiffs had no reasonable expectation that they could be called upon to drive out of state as a part of their employment with Defendants.

24.     Plaintiffs are not exempt from the overtime pay requirements of the FLSA.

25.     Plaintiffs regularly worked over 40 hours per week during the relevant employment period.

26.     Defendants failed to pay Plaintiffs one and one half times their regular rates of pay for all hours worked over 40 in a week.

27.    Defendants' method of paying Plaintiffs and Class Members in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

28.    Plaintiffs have actual knowledge that Class Members have also not been properly compensated for all hours worked and have been denied overtime pay for hours worked over 40 hours per workweek.  That is, Plaintiffs worked with other drivers of Defendants who were not paid one and one half times their regular rates of pay for all hours worked over 40 in a week.

29.    Other employees similarly situated to Plaintiffs work or have worked for Defendants, but were not paid for all hours worked and at the rate of one and one-half times their regular rate when those hours exceeded 40 hours per workweek.

30.    Although Defendants permitted or required Class Members to work certain hours and in excess of 40 hours per workweek, Defendants have denied them full compensation for their hours worked and proper overtime compensation for hours worked over 40 in a week.

31.    Class Members perform or have performed the same or similar work as Plaintiffs.

32.    Class Members regularly work or have hours in excess of 40 hours during a workweek.

33.     Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA.

34.     As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and the denial of wages and overtime wage.

35.     Defendant's failure to properly pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

36.     The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

37.     The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

38.     All Class Members, irrespective of their particular job requirements, are entitled to be paid overtime compensation for hours worked in excess of 40 during a workweek.

39.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula.  The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members. Plaintiffs bring their FLSA overtime claims as a collective action on behalf of the following class:

**All current and former persons employed by Defendants as drivers and compensated on an hourly, non-salary basis by Defendants throughout Michigan who worked for at least one week in excess of 40 hours but were not properly paid overtime for hours worked over 40 in a week during the period from three years prior to the filing of this complaint to the present.**

## CAUSE OF ACTION
## VIOLATION OF 29 U.S.C. 207

40.    Plaintiffs and Class Members incorporate the allegations in the foregoing paragraphs as if fully stated herein.

41.    Defendants' practice of failing to pay Plaintiffs and Class Members at the time-and-a-half rate for hours in excess of 40 per workweek violates the FLSA. 29 U.S.C. 207.

42.    None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiffs and Class Members.

43.    Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

44.    Plaintiffs and Class Members are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages.  29 U.S.C. § 216(b).

45.     Plaintiffs and Class Members are entitled to recover attorney fees and costs as required by the FLSA.  29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs request that this Court enter judgment awarding the following relief:

a. Unpaid overtime compensation for all hours work in excess of 40 per week at the applicable time and a half rate;

b. An amount equal to the unpaid overtime compensation as liquidated damages;

c. Reasonable attorney fees, costs and expenses of the action;

d. An order requiring Defendants to correct its pay practices going forward; and

e. Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

    */s/ Maia E. Johnson*
**MAIA E. JOHNSON (P40533)**
**DAVID A. HARDESTY (P38609)**
Attorneys for Plaintiffs
2701 Troy Center Dr., Ste. 400
Troy, MI 48084
(248) 275-5200

Dated: September 14, 2015

# EXHIBIT

# A

## CONSENT TO BECOME A PARTY PLAINTIFF TO

## THE ROYAL TRANSPORTATION LAWSUIT

First Name: _DEBRA_

Last Name: _CLARK_

1.      I consent and agree to pursue my claims for unpaid overtime and/or wages through the lawsuit filed against my employer.

2.      I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state labor and employment laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3.      I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4.      I understand that the class representatives have entered into an agreement with the plaintiffs' counsel which provides that plaintiffs' counsel will be compensated on a contingency fee basis, and provides that counsel will receive no fees unless a recovery is made on the lawsuit.

5.      In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) _Debra L. Clark_   (Date)  _8-25-2015_

# EXHIBIT

# B

**CONSENT TO BECOME A PARTY PLAINTIFF TO**

**THE ROYAL TRANSPORTATION LAWSUIT**

First Name: *BROOKSEY*

Last Name: *IRVINE Jr.*

1.      I consent and agree to pursue my claims for unpaid overtime and/or wages through the lawsuit filed against my employer.

2.      I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state labor and employment laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3.      I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4.      I understand that the class representatives have entered into an agreement with the plaintiffs' counsel which provides that plaintiffs' counsel will be compensated on a contingency fee basis, and provides that counsel will receive no fees unless a recovery is made on the lawsuit.

5.      In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) *Brooksey Irvine Jr.* (Date) *8/25/15*

# EXHIBIT

# C

## CONSENT TO BECOME A PARTY PLAINTIFF TO

## THE ROYAL TRANSPORTATION LAWSUIT

First Name: *Reginald Mor*

Last Name: *Morrissette*

1.    I consent and agree to pursue my claims for unpaid overtime and/or wages through the lawsuit filed against my employer.

2.    I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state labor and employment laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3.    I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4.    I understand that the class representatives have entered into an agreement with the plaintiffs' counsel which provides that plaintiffs' counsel will be compensated on a contingency fee basis, and provides that counsel will receive no fees unless a recovery is made on the lawsuit.

5.    In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) *Reginald Morrissette* (Date) *5-20-2015*

# EXHIBIT

# D

## CONSENT TO BECOME A PARTY PLAINTIFF TO

## THE ROYAL TRANSPORTATION LAWSUIT

First Name: _Melba_

Last Name: _Pearson_

1.      I consent and agree to pursue my claims for unpaid overtime and/or wages through the lawsuit filed against my employer.

2.      I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state labor and employment laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3.      I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4.      I understand that the class representatives have entered into an agreement with the plaintiffs' counsel which provides that plaintiffs' counsel will be compensated on a contingency fee basis, and provides that counsel will receive no fees unless a recovery is made on the lawsuit.

5.      In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) _Melba Pearson_      (Date) _8/31/15_

# EXHIBIT

# E

## CONSENT TO BECOME A PARTY PLAINTIFF TO

## THE ROYAL TRANSPORTATION LAWSUIT

First Name: _Eric_

Last Name: _Williams_

1.      I consent and agree to pursue my claims for unpaid overtime and/or wages through the lawsuit filed against my employer.

2.      I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state labor and employment laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3.      I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4.      I understand that the class representatives have entered into an agreement with the plaintiffs' counsel which provides that plaintiffs' counsel will be compensated on a contingency fee basis, and provides that counsel will receive no fees unless a recovery is made on the lawsuit.

5.      In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) _Eric Williams_          (Date) _June 8, 2015_