UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Debra Clark, Brooksey Irvine,
Reginald Morrissette, Melba
Pearson, and Ezell Williams,
on behalf of themselves and all others
similarly situated,

      Plaintiffs,

v.                                                                  Case No.  15-13243

Royal Transportation Co., *et. al.*,                    Honorable Sean F. Cox

      Defendants.

_____/

## OPINION AND ORDER

     This is an employment case.  Plaintiffs Debra Clark, Brooksey Irvine, Reginald

Morrissette, Melba Pearson, and Ezell Williams ("Plaintiffs") are all former employees of

Defendants Royal Transportation Company, Donald Fitzsimmons, Debra Fitzsimmons, and

Shannon Fitzsimmons ("Defendants").  Plaintiffs filed this action under the Fair Labor Standards

Act ("FLSA"), seeking to pursue a collective action on behalf of similarly situated drivers

employed by Defendants.  Plaintiffs claim that Defendants have violated the Act by failing to

pay overtime pay for actual overtime hours worked.  Defendants maintain that Plaintiffs, and

members of the putative class, are exempt from overtime coverage.

     This matter is currently before the Court on Plaintiffs' Motion for Conditional

Certification of an FLSA Collective Action and for an Order for Notice to the Class.  (Doc. #11,

Pl.s' Br.).  This motion has been fully briefed by the parties.  The Court entertained oral

1

argument as to this motion on May 19, 2016.

For the reasons set forth below, the Court concludes that Plaintiffs have met the required standard at this stage in the proceedings.  The Court shall **GRANT** Plaintiffs' motion to the extent that it conditionally certifies this as a collective action.  Accordingly, the Court shall order counsel to meet and confer, within 10 days of this Opinion & Order, in order to draft a proposed Notice containing language agreed upon by both parties.  Finally, the Court shall order Defendants to gather, and provide to Plaintiffs' counsel, the requested contact information for the putative class members.

## BACKGROUND

### A.    Factual Background

In the Amended Collective Action Complaint, Plaintiffs allege on behalf of themselves and all similarly situated employees that Defendants failed to pay overtime compensation for hours worked, notwithstanding that Plaintiffs and members of the putative class were paid hourly and have not been exempt from overtime pay.  (Doc. #4, Am. Compl. ¶¶ 1-4).

Defendant Royal Transportation ("Royal") is a passenger transportation company that operates out of Detroit.[1]  Plaintiffs were formerly[2] employed by Royal as drivers during the three

---

[1] Defendant Donald Fitzsimmons is alleged to be Royal's "president, member, owner, and manager."  (Am. Compl. ¶ 11).  Defendants Debra and Shannon Fitzsimmons are alleged to be "actively involved in the management of Royal's business operations."  *Id*. ¶¶ 12-13.

[2] Plaintiffs' Amended Complaint alleges that Melba Pearson is still employed by Defendants.  (Am. Compl. ¶ 29).  In their Response brief, however, Defendants assert that Pearson voluntarily walked off the job on October 24, 2015.  Plaintiffs' Amended Complaint was filed approximately one month prior to the alleged "walk off," which explains the discrepancy.

2

years preceding the filing of this action.[3]   (Am. Compl. ¶ 21).   Plaintiffs refer to themselves and

other similarly situated employees as "shuttle drivers."   Defendants dispute that such a

classification exists.   Plaintiffs allege that they were responsible for driving shuttle routes and

other assigned routes within southeast Michigan.   (Am. Compl. ¶ 22).   During the course of their

employment, Plaintiffs allege that they neither drove out of state nor did they reasonably expect

to be called upon to drive out of state.   *Id*. ¶¶ 22-23.

Plaintiffs allege that Defendants have a policy and practice of failing to properly pay

overtime compensation at the wage rate required by the FLSA.   *Id*. ¶ 40.   Defendants claim that

their drivers are exempt from overtime coverage under the FLSA pursuant to the Motor Carrier

Act because they could have been called upon to transport passengers in interstate travel.

**B.    Procedural Background**

Plaintiffs originally filed a single count complaint on September 14, 2015, asserting a

violation of 29 U.S.C. 207.   (Doc. #1, Compl.).   In it, Plaintiffs alleged that "Defendants'

practice of failing to pay Plaintiffs and Class Members at the time-and-a-half rate for hours in

excess of 40 per workweek violates the FLSA."   *Id.* ¶ 46.   On September 25, 2015, Plaintiffs

amended their complaint to include a claim for "Retaliation as to [Plaintiff] Pearson," in

violation of 29 U.S.C. 215(a)(3).   (Am. Compl. ¶ 51).   Plaintiffs' retaliation claim asserts that

Defendants changed Plaintiff Pearson's route and reduced Pearson's hours in retaliation for

---

[3] Plaintiff Pearson's employment began on July 31, 2012 and ended on October 24, 2015. (Ex. 2 to Def.s' Resp.).   Plaintiff Williams' employment began on November 27, 2012 and ended on April 17, 2014.   *Id.*   Plaintiff Morrissette's employment began on March 18, 2013 and ended on September 23, 2013.   *Id.*   Plaintiff Irvine's employment began on April 9, 2014 and ended on November 14, 2014.   *Id.*   Plaintiff Clark's employment began on April 23, 2014 and ended on June 11, 2014.   *Id.*

3

Pearson having filed this action.

On February 11, 2016, Plaintiffs filed a "Motion for Conditional Certification of an FLSA Collective Action and For an Order for Notice to the Class." (Pl.s' Br.). Plaintiffs have moved the Court for conditional class certification of their claims pursuant to 29 U.S.C. section 216(b). Plaintiffs request that this Court order Defendants to produce contact information for the defined Class Members within four weeks of conditional certification. Plaintiffs additionally seek the Court's permission to circulate a notice of this action to all putative class members.

Plaintiffs proposed class includes: "all current and former individuals employed as Shuttle Drivers by Defendants after September 14, 2012, who did not drive out of state for Defendants, who worked hours for which they were not paid and hours in excess of forty per week but were not paid 1 ½ times their regular rate for overtime hours." (Pl.s' Br. at 1).

## ANALYSIS

**A.     Conditional Certification of FLSA Collective Action**

Under the FLSA, an employee may pursue a civil claim for damages "for and on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Section 216(b) establishes two requirements for a representative action: 1) the plaintiffs must actually be similarly situated, and 2) all plaintiffs must signal in writing that they consent to participate in the collective action. *Fisher v. Michigan Bell Tel. Co.*, 665 F. Supp. 2d 819, 824 (E.D. Mich. 2009) (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)).

The class certification process for FLSA claims is fundamentally different from typical class actions pursued under Federal Rule of Civil Procedure 23. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013). Notably, in a collective FLSA action, putative class

4

members must "opt-in" as party plaintiffs, whereas a putative class member must opt out of a typical class action. *Fisher,* 665 F. Supp. 2d at 824, (quoting *O'Brien v. Ed Donnelly Enter., Inc.,* 575 F.3d 567, 583 (6th Cir. 2009)) ("[u]nlike class actions under Fed. R. Civ. P. 23, collective actions under FLSA require putative class members to opt into the class . . . and [t]hese opt-in employees are party plaintiffs, unlike absent class members in a Rule 23 class action.").

Procedurally, the class certification process in FLSA cases occurs in two stages. *Comer,* 454 F.3d at 546. The first step is conditional class certification, which occurs at the beginning of discovery. *White v. Baptist Memorial Health Care Corp.*, 699 F.3d 868, 877 (6th Cir. 2012). The second step occurs after all class plaintiffs have opted-in and discovery has concluded. *Id.*

Here, the Court is only concerned with the first step of conditional class certification. At this point, "the lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs." *Fisher*, 665 F. Supp. 2d at 825 (quoting *O'Brien*, 575 F.3d at 584).

To be considered similarly situated, Plaintiffs need only be similar, not identical, to putative class members. *Id.* "It is sufficient if the plaintiffs' claims are unified by common theories of defendants' statutory violations, even if proofs of those theories are inevitably individualized and distinct." *Id.* (citing *O'Brien*, 575 F.3d at 585).

The burden on Plaintiffs is "fairly lenient" and they need only make a "modest factual showing" in order to garner conditional class certification. *Id.* (quoting *Olivo v. GMAC Mortgage Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004)) (internal quotations and citations omitted). Plaintiffs must come forth with evidence "establishing at least a colorable basis for

their claim that a class of similarly situated plaintiffs exists." *Id.* (quoting *Olivo*, 374 F. Supp. 2d at 548). This standard can be met "based on the pleadings and affidavits that Plaintiffs are in a similar situation with the putative class." *Lee v. Gab I Telecom, Inc.*, 2013 WL 1632552 (E.D. Mich. 2013).

      **1.**      **Plaintiffs Have Established That A Class Of Similarly Situated Plaintiffs Exists**

Plaintiffs argue that they have sufficiently established that they are similarly situated to other shuttle drivers employed by Defendants. (Pl.s' Br. at 6). Plaintiffs rely on the allegations in their amended complaint and on affidavits filed by each of the named Plaintiffs, wherein they testify to having personal knowledge of the same set of facts: (1) each affiant was or has been employed as a "Shuttle Driver" during the relevant time period in this suit; (2) each affiant worked as an hourly employee and was not exempt from the overtime provisions of the FLSA; (3) each affiant regularly worked more than 40 hours per week, but were not paid overtime compensation; (4) none of the affiants drove out of state as a part of their employment; (5) none of the affiants had any expectation that they would be called upon to drive out of state as part of their employment; (6) each affiant is personally aware of other shuttle drivers employed by Defendants, who were assigned similar scheduled routes as the affiants and were compensated on the same basis as each affiant; and (7) based on information and belief, all shuttle drivers working for Defendants were compensated similarly to each affiant. (Ex. 1 to Pl.'s Br., Aff. Re Cond'l Class Cert.). To further support the allegation that similarly situated employees exist, Plaintiffs point to the signed consent forms of nine additional drivers employed by Defendants that intend to opt-in to this action in the event that it is certified. (Doc. #15, Ex. 1 to Pl.s' Reply).

6

At this initial notice stage, the Court finds that Plaintiffs have satisfied their lenient evidentiary burden.  Defendants advance three arguments in opposition to Plaintiffs' motion, all of which lack merit.  The Court addresses each argument below.

> **i.      Plaintiff's Assertions Are Sufficient to Support Conditional Certification**

First, Defendants argue that Plaintiffs' conclusory and unsupported assertions are insufficient to support conditional certification.  (Doc. #13, Def.s' Resp. at 7).  The Court disagrees.

As the Sixth Circuit explained in *Comer*, Plaintiffs only need to make a "modest factual showing" under this "fairly lenient standard."  *Comer*, 434 F.3d at 547.  Evidence presented at the first stage of a motion for conditional certification need not meet the same evidentiary burdens applicable to other motions.  *Fisher*, 665 F. Supp. 2d at 826.  The reason for this is that there is no "possibility of final disposition at the conditional certification stage."  *White v. MPW Indus. Servs., Inc*., 236 F.R.D. 363, 368 (E.D. Tenn. 2006).  Instead, Plaintiffs at this stage should be "afforded an opportunity, through discovery, to test fully the factual basis of [their] case."  *Fisher*, 665 F. Supp. 2d at 826.  As of now, Plaintiffs' affidavits, which state that they are based upon their personal knowledge, are sufficient to support conditional certification.  Defendants will have an opportunity to file a motion to decertify the class at the close of discovery to fully address any substantive issues pertaining to the class.

Defendants argument also fails for another reason.  Defendants mistakenly rely on two factually distinct cases outside this jurisdiction: *Sanchez v. JMP Ventures, L.L.C.,* 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014) and *Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc*., 2013 WL 5132023 (E.D.N.Y. Sept. 12, 2013).  In *Sanchez*, the court refused conditional

certification of "all tipped employees, including delivery persons, bussers, runners, waiters and bartenders" based on the declaration of a ***single*** plaintiff.  *Sanchez*, 2014 WL 465542 at *1. Similarly, in *Zheng*, the court denied a ***single*** plaintiff's request for conditional certification where her declaration "offered nothing more than anonymous hearsay statements that other employees suffered the same time-shaving policy as she."  *Zheng*, 2013 5132023 at *5.

There are two fundamental differences between the facts presently before the Court and the facts before the courts in *Sanchez* and *Zheng*.  Most notable is the fact that here, Defendants admit that they do not pay overtime premiums to any of their drivers.[4]  This is precisely the policy Plaintiffs allege violates the FLSA and extends to all putative class members.  Thus, Plaintiffs have shown that the putative class members are similarly situated since they were all allegedly victims of a "single decision, policy, or plan" that caused the FLSA violation. *O'Brien*, 575 F.3d at 584.

Additionally, unlike the ***single-plaintiff*** declarations in *Sanchez* and *Zheng*, the named Plaintiffs here have advanced five affidavits establishing that, based on their personal knowledge, other similarly situated plaintiffs exist.  Each Plaintiff has stated that they were only paid their regular rate for overtime hours.  All five Plaintiffs also state they are personally aware of other shuttle drivers who drive similar routes (*i.e.* only within Michigan) and are compensated in the same manner as they are.  Also unlike *Sanchez* and *Zheng*, the affidavits here are not based on vague conversations or observations regarding a disputed company-wide policy.  Further, Plaintiffs have identified nine additional employees consenting to opt-in if conditional

_____

[4] Defendants explain that their drivers are exempt from receiving overtime compensation pursuant to the Motor Carrier exemption.

certification is granted.

Thus, the Court finds that Plaintiffs' five affidavits–together with Defendants'
concession–provide at least "a colorable basis" for concluding that similarly situated plaintiffs
exist.  Namely, that other shuttle drivers, who did not travel outside of Michigan, regularly
worked more than 40 hours a week without receiving overtime premiums.

### ii.   Individualized Issues Do Not Render This Collective Action Unmanageable

Next, Defendants cite *Lusardi v. Lechner*, 855 F.2d 1062 (3rd Cir. 1988), for the
proposition that conditional certification under Section 216(b) requires Plaintiffs to prove that
there are no individualized issues that render a collective action unmanageable.  In making this
argument, Defendants point out that one of the critical issues of fact to be explored in discovery
and resolved at trial is the applicability of the Motor Carrier Act for each potential plaintiff.
Defendants argument here is without merit.

Defendants' citation to *Lusardi* is misplaced.  As Plaintiffs correctly point out, *Lusardi*
involved an appeal from the district court's subsequent **decertification** of a class.  The issues on
appeal did not pertain to the district court's decision at stage one.  Moreover, Defendants offer
no Sixth Circuit authority for their position that manageability should be considered at this stage.

Defendants remaining arguments revolve around the affirmative defense that the Motor
Carrier Act exemption applies to drivers employed by Defendants.  (Def.'s Resp. at 13).  The
problem with Defendants' argument is that it improperly goes to the merits of the claims.  The
"Court will not resolve merit and factual disputes regarding what exemptions may apply during
this stage."  *Heibel v. U.S. Bank Nat. Ass'n*, 2012 WL 4463771, *5 (S.D. Ohio, Sept. 27, 2012).

9

iii.    **Whether Defendants Classify Their Drivers As "Shuttle Drivers" Has No Bearing On the Issues Presently Before the Court**

In their final argument, Defendants assert that conditional certification is improper because there is no class of drivers entitled "shuttle drivers."   (Def.s' Resp. 17).  According to Defendants, this "brings yet another wrinkle to conditional certification" because determining "whether any putative class member could be considered the member of a non-existent employment classification would require a day-by-day analysis of each driver's routes, assignments and hours."  *Id.*  Defendants' argument is without merit.  Defendants do not cite a single case to support their position.

Defendants then proceed to argue that the Motor Carrier exemption applies to all drivers because some were engaged in interstate commerce.  Again, this argument is inappropriate.  The Court shall not weigh the merits of the underlying claims when determining whether putative class members are similarly situated.

**B.    Plaintiffs' Proposed Notice To Putative Class Members**

In their motion, Plaintiffs request an order from the Court authorizing notice to potential opt-in plaintiffs.  (Pl.s' Br. at 8).  Plaintiffs provide the court with a copy of a proposed Notice, which is addressed to the following class of employees:

> All current and former employees of Defendants Royal Transportation Company, Donald Fitzsimmons, Debra Fitzsimmons, and Shannon Fitzsimmons ("Defendants") who worked as Shuttle Drivers for Defendants, who were not properly paid for all hours worked and who worked hours in excess of forty per week but were not paid 1 ½ times their regular rate for overtime hours.

(Ex. 2 to Pl.s' Br., Proposed Notice).

At oral argument, Defendants' Counsel lodged a single objection to Plaintiffs' proposed notice: the inclusion of the "shuttle drivers" classification.

10

District courts may facilitate FLSA collective actions by authorizing notice of the suit to potential plaintiffs. *See Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Having determined that conditional certification is warranted, the Court has discretion to authorize written notice to similarly situated individuals, to "allow them to opt into the lawsuit." *Comer*, 454 F.3d at 546. Thus, the Court shall order the parties to meet and confer, within ten days of this Opinion & Order, in an attempt to reach full agreement on the appropriate language for the proposed Notice.

**C.      Plaintiffs' Request For Discovery**

Plaintiffs additionally ask that the Court order Defendants to provide contact information for putative class members within four weeks of the conditional class certification.

The Court shall order Defendants to provide Plaintiffs' counsel a list of names and last known addresses of the putative class members.

### CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Plaintiffs' Motion for Conditional Certification is **GRANTED** to the extent that the Court **CONDITIONALLY CERTIFIES** this action as a collective action so that notice can be issued.

**IT IS FURTHER ORDERED** that counsel shall meet and confer, within 10 days of this Opinion & Order, in an attempt to reach full agreement on appropriate language for the Notice form. Within 10 days of this Opinion & Order, counsel shall file a joint proposed Notice form.

**IT IS FURTHER ORDERED** that, within four weeks of this Opinion & Order, Defendants shall gather and provide to Plaintiffs' Counsel, a list of the names and last known

addresses of the putative class members.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  May 24, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 24, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

12